UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MITCHELL B. RATISHER,

    Plaintiff,

v.                                              Case No: 5:20-cv-298-GKS-PRL

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## REPORT AND RECOMMENDATION[1]

Plaintiff appeals the administrative decision denying his application for Disability Insurance Benefits ("DIB"). Upon a review of the record, the memoranda, and the applicable law, I recommend that the Commissioner's decision be **AFFIRMED.**

### I. BACKGROUND

On December 14, 2016, Plaintiff filed an application for DIB benefits, alleging disability beginning December 19, 2015. The claim was denied initially, and upon reconsideration. At Plaintiff's request, a hearing was held on August 12, 2019, where both the Plaintiff and an impartial vocational expert testified. On August 26, 2019, the Administrative Law Judge (ALJ) issued a notice of unfavorable decision, finding Plaintiff not disabled. (Tr. 15-33). Plaintiff's request for review was denied by the Appeals Council (Tr. 1), and Plaintiff initiated this action on July 4, 2020. (Doc. 1). Plaintiff has exhausted his administrative

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

remedies, and the final decision of the Commissioner is ripe for review under 42 U.S.C. § 405(g).

Based on a review of the record, the ALJ found that Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine; degenerative joint disease of the right knee; mild degenerative changes of the left ankle status-post surgical intervention and status-post right shoulder SLAP repair with mild arthritic changes. (Tr. 18). The ALJ found that Plaintiff had the following non-severe impairments: anxiety; major depressive disorder, single episode; hepatitis C and minimal right first MTP joint arthrosis. (Tr. 21).

The ALJ found that the Plaintiff has the residual functional capacity to perform light work except that he can sit for six hours; he can perform each of the postural activities occasionally but no climbing of ropes or scaffolds, and ladders exceeding six feet; and can do no more than occasional overhead reaching with the right dominant upper extremity. (Tr. 26). Based upon his RFC, the ALJ found at step four that Plaintiff could perform his past relevant work as a sales representative/chemical and drug. (Tr. 32). Accordingly, the ALJ determined that Plaintiff is not disabled.

**II.    STANDARD OF REVIEW**

A claimant is entitled to disability benefits when he or she is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months. 42 U.S.C. §§416(i)(1), 423(d)(1)(A); 20 C.F.R. §404.1505(a).

The Commissioner has established a five-step sequential analysis for evaluating a claim of disability, which is by now well-known and otherwise set forth in the ALJ's decision. *See* 20 CFR §§ 404.1520(a), 416.920(a); *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th

Cir. 2001). The claimant, of course, bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987).

The scope of this Court's review is limited to a determination of whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988) (citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). Indeed, the Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (*citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). This is clearly a deferential standard.

**III.  DISCUSSION**

On appeal, Plaintiff challenges the ALJ's finding that Plaintiff's mental impairments are not severe and contends that the ALJ erred in his consideration of the opinion of licensed clinical social worker, Peter J. Salzer.

At step two, the ALJ found that Plaintiff had several severe impairments—degenerative disc disease of the lumbar spine, degenerative joint disease of the right knee, mild degenerative changes of the left ankle status-post surgical intervention and status -post right shoulder SLAP repair with mild arthritic changes—and then proceeded with the other steps of the sequential evaluation process. Plaintiff argues that the ALJ erred by failing to find that his mental impairments were severe. However, "the finding of any severe impairment, whether or not it results from a single severe impairment or a combination of impairments that together qualify as 'severe,' is enough to satisfy step two." *Hearn v. Comm'r, Soc. Sec. Admin.*, 619 F. App'x 892, 895 (11th Cir. 2015) (citing *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987). Thus, there is no reversible error at step two.

Moreover, substantial evidence in the record supports the ALJ's conclusion that Plaintiff's anxiety, depression and personality disorder caused only minimal limitations in Plaintiff's ability to perform basic mental work activities. (Tr. 24). The ALJ –in almost eight pages of single-spaced analysis—considered Plaintiff's medical records, opinion evidence and self-reported complaints. The ALJ found that Plaintiff had no limitation for managing himself and only mild limitations in understanding, remembering, or applying information; interacting with others; and concentration, persistence and pace.

The ALJ noted that Plaintiff's mental health treatment was conservative with counseling and medication, and plaintiff's focus often was on receiving pain medications with admitted addictions. (Tr. 23, 660, 679, 692, 704, 827, 853, 983, 1989, 1994, 2016). At his initial examination at the VA on February 18, 2016, Dr. Venkata C. Chittuluru, M.D. observed that Plaintiff was alert and oriented x3 with intact memory, appropriate affect and his judgment and insight were within normal limits. (Tr. 716-20). And while Mr. Salzer noted

that Plaintiff had struggles with anxiety and depression (and occasionally OCD and ADHD), he never reported any need for increased treatment, and generally only saw Plaintiff every two months. (Tr. 660, 701, 809, 1034, 1915, 1930, 1955, 1968,1981, 1984, 1989, 1994, 1998, 2016). The record otherwise reflects countless normal mental status examinations with normal or euthymic mood, normal affect, normal thought content with no impairment of insight and judgment and oriented in three spheres; and Plaintiff often reported no (or minimal) mental health concerns. (Tr. 496, 503, 510, 519, 525, 532, 545, 551, 564, 571, 579, 585, 608, 615, 629, 668, 689, 702, 718, 740, 839, 865, 896, 923, 928, 932, 994, 1020, 1134, 1138, 1142, 1146, 1150, 1155, 1159, 1163, 1167, 1171, 1176, 1179, 1184, 1188, 1191, 1195, 1199, 1203, 1207, 1215, 1219, 1223, 1227, 1402, 1718, 1723-24, 1728-29, 1735-36, 1745, 1750, 1753, 1755, 1759, 1764, 1777, 1782, 1799, 1803, 2066, 2093, 2126).

As for opinion evidence, the ALJ considered and accorded great weight to the opinions of the state agency mental health experts—Ronald Chase, M.D. and Sally Rowley, Psy.D., both of whom opined that Plaintiff had no severe mental impairments. (Tr. 31, 99, 116).

In addition, the ALJ considered Mr. Salzer's opinions of disabling limitations and properly accorded them little weight. (Tr. 22-23, 1079-81, 1771-74). Because Mr. Salzer is a licensed clinical social worker, he is considered an "other medical source," and while the ALJ was required to consider his opinions, he was not required to give them significant weight. *Anteau v. Comm'r of Soc. Sec.,* 708 Fed.Appx. 611, 613 (11th Cir. 2017). Here, the ALJ evaluated Mr. Salzer's opinions and articulated several reasons

supported by substantial evidence for according them little weight: (1) Plaintiff was treated conservatively for his mental impairments, (2) the opinions were mostly on a check the box form and were not supported with adequate explanations and/or objective evidence; (3) the opinions were not supported by the objective evidence; and (4) they were contradicted by Plaintiff's daily activities including working part-time. (Tr. 22-24). As discussed above, while Mr. Salzer noted Plaintiff's struggles with depression and anxiety, he generally only saw Plaintiff every two months and never noted the need for additional treatment beyond bi-monthly counseling and medication. Moreover, the record is replete with normal mental status examinations. Accordingly, the ALJ decision to discredit Mr. Salzer's opinion is supported by substantial evidence.

Furthermore, the ALJ correctly noted Plaintiff's subjective reports and daily activities, which were inconsistent with disabling limitations. (Tr. 25). Significantly, the ALJ noted that Plaintiff was able to perform part-time work (Tr. 18, 25, 228-32, 535-36, 1998). *See e.g., Cooper v. Comm'r of Soc. Sec.*, 521 F. App'x 803, 808 (11th Cir. 2013) ("Even if a claimant's current employment status is not at the level of [substantial gainful activity], it may indicate that she is able to do more work."). The ALJ further noted that Plaintiff could attend church, spend time with others, care for a pet, perform household chores, drive alone and shop. (Tr. 25, 286-93).

Ultimately, the ALJ concluded that Plaintiff's impairments limited him to perform a range of light work. Plaintiff failed to prove that his mental impairments caused additional limitations on his ability to work. The fact that Plaintiff was diagnosed with depression and

anxiety does not, by itself, establish that he had additional work-related limitations. And even if this Court were to disagree with the ALJ's resolution of the factual issues, and would resolve them differently, the ALJ's decision nevertheless must be affirmed where, as here, it is supported by substantial evidence in the record as a whole. *See Martin v. Sullivan,* 894 F.2d 1520, 1529 (11th Cir. 1990).

### IV.  RECOMMENDATION

For the reasons stated above, it is respectfully **RECOMMENDED** that the ALJ'S decision should be AFFIRMED under sentence four of 42 U.S.C. § 405(g).

**DONE and ENTERED** in Ocala, Florida on December 15, 2021.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties